UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RON STAMEY and GAY STAMEY, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-246 |
| ) | |
| SERODINO, INC., ) | Judge Mattice |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM**

Plaintiff Ron Stamey brings this action against Serodino, Inc. ("Serodino") pursuant to the Jones Act, 46 U.S.C. § 688, alleging negligence in the maintenance of a barge that caused personal injury to Mr. Stamey. Plaintiff Gay Stamey brings this action against Serodino, alleging loss of consortium. Both plaintiffs request an award of attorneys' fees.

Before the Court is defendant Serodino's Motion for Partial Summary Judgment. Serodino seeks summary judgment on Mrs. Stamey's claim for loss of consortium and plaintiffs' claim for attorneys' fees. Plaintiffs have not filed a response to Serodino's motion, and the Court deems Mr. and Mrs. Stamey to have waived opposition to the motion. E.D.TN. LR 7.2. The Court, however, cannot automatically grant the motion for summary judgment because plaintiffs have not filed a response in opposition. The Court is required to examine the record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

Serodino's motion for summary judgment will be **GRANTED IN PART** and **DENIED IN PART**. The motion will be granted with respect to Mrs. Stamey's claim for loss of consortium, and that claim will be **DISMISSED WITH PREJUDICE**. The motion will be denied with respect to plaintiffs' claim for attorneys' fees.

## I. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving

party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. ANALYSIS

Serodino asserts that the Court should enter a summary judgment with respect to Mrs. Stamey's claim for loss of consortium because a cause of action for loss of consortium does not exist under the Jones Act. Serodino asserts that the Court should enter a summary judgment with respect to the plaintiffs' claim for attorneys' fees because a successful Jones Act plaintiff cannot recover attorneys' fees as a matter of law. Because Serodino's arguments are purely legal, no genuine issue of material fact exists. The Court will proceed to determine whether Serodino is entitled to judgment as a matter of law on these claims.

### A. Loss of Consortium

Serodino asserts that Mrs. Stamey's claim for loss of consortium[1] is not a cognizable claim under the Jones Act.

In *Miles v. Apex Marine Corp.*, the United States Supreme Court held that "there is no recovery for loss of society in a general maritime action for the wrongful death of a

---

[1] The terms "loss of consortium" and "loss of society" are used interchangeably.

Jones Act seaman." 498 U.S. 19, 33 (1990). Many federal courts have extended the holding in *Miles* and concluded that there is similarly no recovery for loss of consortium for the personal injury of a Jones Act seaman. *See, e.g.*, *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 202-03 (1st Cir. 1994); *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993); *Smith v. Trinidad Corp.*, 992 F.2d 996, 996 (9th Cir. 1993); *Murray v. Anthony J. Bertucci Constr. Co.*, 958 F.2d 127, 131 (5th Cir. 1992); *Watson v. Oceaneering Int'l, Inc.*, 387 F. Supp. 2d 385, 391 (D. Del. 2005); *Nielson v. Weeks Marine Inc.*, 910 F. Supp. 84, 89 (E.D.N.Y. 1995); *Lane v. G&C Towing Co.*, 798 F. Supp. 358, 360 (S.D. W. Va. 1992). The Sixth Circuit has not yet addressed the question of whether the Jones Act permits recovery by an injured seaman's spouse for loss of consortium.

The Court is persuaded by the reasoning of these many other courts that have extended *Miles* to apply to personal injury cases. The Court concludes that, as a matter of law, the spouse of an injured Jones Act seaman is not permitted to recover for loss of consortium.

Accordingly, Serodino's motion for summary judgment with regard to Mrs. Stamey's claim for loss of consortium will be **GRANTED**, and Mrs. Stamey's claim for loss of consortium will be **DISMISSED WITH PREJUDICE**.

**B.     Attorneys' Fees**

Serodino asserts that attorneys' fees may not be awarded in this case as a matter of law because actions under the Jones Act are governed by the "American rule," under which a prevailing litigant bears the cost of its own attorneys' fees.

Serodino is correct that federal courts follow the so-called "American rule," under which "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). There are several instances, however, in which this general rule is not followed. First, the American rule can be abrogated by a relevant statute or an enforceable contract, neither of which appears to be at issue in this case. *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 126 (1974). Second, the American rule can be abrogated by a federal court through the use of its "inherent power" to impose attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Alyeska Pipeline Serv.*, 421 U.S. at 259. Courts have outlined several instances in which the use of this inherent power to impose attorneys' fees is appropriate. Specifically, courts have found that attorneys' fees may be awarded to the prevailing party when (1) the prevailing litigant has conferred a substantial benefit on a class of persons and the shifting of fees will spread the cost proportionately among the members of the benefitted class, (2) the losing party willfully disobeys a court order, or (3) the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers*, 501 U.S. at 45-46; *Alyeska*, 421 U.S. at 259; *Rich*, 417 U.S. at 129-30. Thus, although the general rule provides that the prevailing party is not entitled to recover attorneys' fees, courts may nevertheless award attorneys' fees when appropriate under these exceptions to the general rule.[2]

---

[2] Citing several Fifth Circuit cases, Serodino argues that the only exception to the American rule in the context of the Jones Act occurs in maintenance and cure cases and, because plaintiffs' action is not a maintenance and cure case, that the American rule applies, without exception, as a matter of law. Serodino's argument, however, is not supported by the cases cited, one of which states, "We have not limited application of the bad faith exception to maintenance and cure cases, but have extended it to other contexts

Because the awarding of attorneys' fees is within the inherent power of the Court, defendant Serodino cannot prove that plaintiffs are not entitled to an award of attorneys' fees as a matter of law. Serodino, therefore, is not entitled to summary judgment on this issue. Serodino's motion for summary with regard to plaintiffs' claim for attorneys' fees will be **DENIED**.

## III. CONCLUSION

Defendant Serodino's motion for partial summary judgment will be **GRANTED IN PART** and **DENIED IN PART**. The motion will be granted with respect to Mrs. Stamey's claim for loss of consortium, and Mrs. Stamey's claim for loss of consortium will be **DISMISSED WITH PREJUDICE**. The motion will be denied with respect to plaintiffs' claim for attorneys' fees.

A separate order will enter.

          *s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE

---

within general maritime law." *Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.*, 92 F.3d 353, 357 n.7 (5th Cir. 1996).